## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| SASOF III (B) AVIATION IRELAND DAC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 1:19-CV-1112-LY |
| | § | |
| NATIONAL AERO STANDS, LLC | § | |
| Defendant/Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| APOLLO AVIATION, LLC D/B/A | § | |
| CARLYLE AVIATION PARTNERS LTD. | § | |
| Third-Party Defendant. | § | |

## DEFENDANT NATIONAL AERO STANDS, LLC'S
## ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Defendant National Aero Stands, LLC ("NAS") files this Answer to Plaintiff's Complaint and Counterclaims Against Plaintiff SASOF III (B) Aviation Ireland DAC ("SASOF") and Third-Party Complaint Against Apollo Aviation, LLC d/b/a Carlyle Aviation Partners Ltd. ("Carlyle/Apollo") and in support would show as follows:

### I. ANSWER

1.      NAS admits SASOF is an Irish designated activity company with its registered office in Dublin, Ireland.

2.      NAS admits that it is a limited liability company with its principal place of business in Austin, Texas.

3.      NAS admits that this Court has subject matter jurisdiction over this action.

4.      NAS admits that this Court has personal jurisdiction over NAS in this action.

5.      NAS admits that venue is proper in the Western District of Texas.

6.      Admitted. NAS leased a Trent 800 Rollover engine transportation stand bearing manufacturer serial number NGT8R-102 (the "Stand") to SASOF pursuant to the lease agreement attached to this Answer as Exhibit A (the "Agreement").[1]

7.      Admitted.

8.      Denied. Specifically, the Agreement states:

> If the Rollover Stand Package **Agreement is not extended** and the Rollover Stand Package is **not yet returned by April __, 2018, Customer agrees to immediately purchase** the Rollover Stand Package or any individual part at a price equal to the Agreed Value less amounts paid in respect thereof hereunder.

Agreement at p. 2 (emphasis added). Admitted that the Agreement set the Agreed Value of the Stand at $750,000.

9.      Denied. In order to have immediately purchased the Stand in April of 2018, SASOF would have had to tender to NAS the difference between the Agreed Value ($750,000) and the rent and deposit paid up to that time ($288,000), or $462,000. SASOF did not tender for immediate purchase and instead continued to rent the Stand.

10.     Denied. After April 2018, SASOF continued to make rent payments. The Agreement did not provide for monthly payments toward a purchase as alleged.

11.     Admitted that SASOF has paid $1,032,000 in rent to NAS in accordance with the Agreement. Denied that SASOF has overpaid its rent payments.

12.     Admitted.

13.     Admitted that NAS sent SASOF a notice of default and demand letter on October 23, 2019. Admitted that NAS does not recognize SASOF's ownership of the Stand. Admitted

---

[1] A copy of the Agreement was not attached to Plaintiff's Complaint.

that SASOF still owes rent under the Agreement until the Stand is returned in accordance with the Agreement. Denied that SASOF is the rightful owner of the Stand.

14. Admitted that SASOF sent NAS a response letter on October 25, 2019 claiming to own the Stand and seeking a refund of payments. Denied that SASOF owns the Stand. Denied that NAS's claim of ownership of the Stand is wrongful.

15. Admitted.

16. Admitted.

17. Denied. SASOF is delinquent in rent payments in the amount of $387,000.

18. Denied. In order to have immediately purchased the Stand in April of 2018, SASOF would have had to tender to NAS the difference between the Agreed Value ($750,000) and the rent and deposit paid up to that time ($288,000), or $462,000. SASOF did not tender for immediate purchase and instead continued to rent the Stand.

19. Denied.

20. Denied.

21. Denied.

22. Admitted SASOF seeks stated relief. Denied that SASOF is entitled to relief.

23. Denied.

24. Denied.

25. Admitted SASOF seeks equitable relief. Denied that SASOF is entitled to relief.

26. Admitted.

27. No responsive pleading is required.

28. No responsive pleading is required.

29. No responsive pleading is required.

30.     No responsive pleading is required.

31.     No responsive pleading is required.

Accordingly, because the Agreement was extended by SASOF's continued rental of the Stand and SASOF did not immediately purchase the Stand, each of SASOF's causes of action fail.

## II.  COUNTERCLAIMS AGAINST SASOF III (B) AVIATION IRELAND DAC

### FACTUAL BACKGROUND

32.     Pursuant to Fed. R. Civ. P. 13, NAS brings this counterclaim to collect unpaid rent and for return of the Stand that NAS leased to SASOF.

33.     SASOF has leased the Stand from November 21, 2017 to present. SASOF stopped paying rent on or about May of 2019. Complaint, ¶ 12. The total amount of unpaid rent now owed by SASOF to NAS pursuant to the Agreement is $387,000 (6 payments x $64,500 per month) and accumulating since SASOF continues to possess and use the Stand.

34.     On October 2, 2019, NAS emailed Lazaro Alfonso, Technical Manager for Carlyle Aviation Partners ("Carlyle/Apollo") and acting on behalf of SASOF, and asked for an update and also whether there had been a decision to purchase the Stand. Rather than respond that the Stand was already owned by SASOF, Alfonso responded that his replacement stand was onsite and that he needed to get the Stand swapped as soon as possible.

35.     On October 8, 2019, NAS emailed Alfonso at Carlyle/Apollo again and asked for payment on the outstanding invoices and Alfonso informed NAS that he needed NAS "to work with us" and that he was working diligently to return the Stand. He claimed the agreed value and cost of the Stand had been covered and stated, "I have asked you time and time again to help us out and stop further invoicing and work with us to get you this stand back."

36.     On October 23, 2019, NAS gave notice of default and made demand on SASOF.

37.     On October 25, 2019, SASOF responded and claimed that it had purchased the Stand back in April of 2018 pursuant to a right to purchase set out in the Agreement, which provides:

> If the Rollover Stand Package Agreement is not extended and the Rollover Stand Package is not yet returned by April __, 2018, Customer agrees to immediately purchase the Rollover Stand Package or any individual part at a price equal to the Agreed Value less amounts paid in respect thereof hereunder.

Agreement at p. 2. However, SASOF did not tender for immediate purchase during the requisite timeframe, i.e. April of 2018, and instead continued to rent and use the Stand.

38.     Specifically, under the Agreement, in order to exercise a right to immediately purchase the Stand in April of 2018, SASOF would have had to tender to NAS the difference between the Agreed Value ($750,000) and the rent and deposit paid up to that time ($288,000), or $462,000. SASOF did not tender payment of $462,000 for the immediate purchase of the Stand in that timeframe (and SASOF makes no claim that it tendered such payment). Instead, SASOF continued to rent and use the Stand.

39.     SASOF refused to pay NAS the $387,000 in unpaid rent, to pay further rent and to return the Stand. SASOF is currently in possession of the Stand, which is believed to be located in Spain and being used by SASOF to store an engine.

40.     Under the Agreement, in the event of default by SASOF, NAS is entitled to seek recovery of damages, attorney fees, interest and repossession of the Stand:

> Repossess: Demand that CUSTOMER, and CUSTOMER shall upon such demand return the Rollover Stand Package promptly to NAS free of any claims or rights of CUSTOMER in the manner and condition required by, and otherwise in accordance with, all provisions of this Agreement as if such

Rollover Stand Package were being redelivered at the end of the Agreement Term.

Agreement at p. 4, ¶¶ (a), (b), (c) (ii).

## CAUSES OF ACTION

### Count 1: Breach of Contract
### (Texas Common Law)

41.     The preceding paragraphs are incorporated herein by reference as if fully set forth below.

42.     SASOF breached the Agreement by failing to pay rent when due, by refusing to return the Stand and by claiming ownership of the Stand as described above.

43.     NAS has been, and continues to be, damaged as a result of SASOF's breach of the Agreement. NAS seeks: (a) actual damages in the amount of $387,000; (b) the amount of unpaid rent as it accrues until the Stand is returned to NAS; (c) interest; (d) repossession of the stand; and, (e) attorney fees under both the Texas Civil Practices and Remedies Code and the Agreement. *See* Agreement at p. 4, ¶¶ (a), (b), (c) (ii) and at p. 5, ¶ (a) (providing prevailing party shall be entitled to reimbursement of attorney fees and costs); TEX. CIV. PRAC. & REM. CODE § 38.001.

### Count 2: Conversion
### (Texas Common Law)

44.     The preceding paragraphs are incorporated herein by reference as if fully set forth below.

45.     By refusing to return the Stand and claiming that SASOF and/or Carlyle/Apollo purchased the Stand, SASOF and Carlyle/Apollo have wrongfully exercised dominion over and converted NAS's property.

46.     NAS has been, and continues to be, damaged as a result of the wrongful

conversion of the Stand. NAS seeks return of the Stand, lost rental income, exemplary damages, interest, costs and attorney fees.

**Count 3: Civil Conspiracy**
**(Texas Common Law)**

47.     The preceding paragraphs are incorporated herein by reference as if fully set forth below.

48.     SASOF acted in concert with Carlyle/Apollo in furtherance of an agreement and meeting of the minds to assert ownership over and wrongfully convert the Stand and committed acts in furtherance thereof that have proximately caused damages to NAS by depriving NAS of its property.

**Count 4: Replevin / Repossession**
**(Texas Common Law; FRCP 64)**

49.     The preceding paragraphs are incorporated herein by reference as if fully set forth below.

50.     NAS is the rightful owner of the Stand. NAS is entitled to repossession of the Stand under the Agreement because SASOF defaulted when it stopped paying rent. *See* Agreement at p. 4, ¶ (c) (ii) ("Remedies Upon Default"). Despite proper demand for return of the Stand, SASOF and Carlyle/Apollo have wrongfully refused to return the Stand and claim ownership of the Stand.

51.     NAS seeks repossession of the Stand and a writ of replevin ordering SASOF to return the Stand to NAS at SASOF's cost to the Redelivery Location within twenty (20) days or *in situ* immediately and, if SASOF fails to return the Stand as ordered, ordering SASOF to pay NAS the agreed value of the Stand of $750,000, plus interest, costs and attorney fees.

## III. THIRD-PARTY COMPLAINT AGAINST
## APOLLO AVIATION, LLC D/B/A CARLYLE AVIATION PARTNERS

52.     The preceding paragraphs are incorporated herein by reference as if fully set forth below.  Pursuant to Fed. R. Civ. P. 14, NAS asserts the following Third-Party Complaint against Carlyle/Apollo.

53.     Carlyle Aviation Partners is a d/b/a of Apollo Aviation, LLC, which is a Florida limited liability company with its registered office at 848 Brickell Avenue, Suite 500, Miami, FL 33131. The registered agent for service of process for Apollo Aviation, LLC is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

54.     This Court has subject matter jurisdiction over this Third-Party Complaint under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity among the parties.  This Court has supplemental subject matter jurisdiction over this Third-Party Complaint under 28 U.S.C. §1367(b).

55.     This Court has personal jurisdiction over Carlyle/Apollo by virtue of its dealings and communications with NAS in Austin regarding the Agreement and the Stand.

### Count 1: Conversion
### (Texas Common Law)

56.     The preceding paragraphs are incorporated herein by reference as if fully set forth below.

57.     By refusing to return the Stand and claiming that SASOF and/or Carlyle/Apollo purchased the Stand, SASOF and Carlyle/Apollo have wrongfully exercised dominion over and converted NAS's property.

58.     NAS has been, and continues to be, damaged as a result of the wrongful conversion of the Stand. NAS seeks return of the Stand, lost rental income, exemplary damages,

interest, costs and attorney fees.

**Count 2: Civil Conspiracy**
**(Texas Common Law)**

59.     The preceding paragraphs are incorporated herein by reference as if fully set forth below.

60.     Carlyle/Apollo acted in concert with SASOF in furtherance of an agreement and meeting of the minds to assert ownership over and wrongfully convert the Stand and committed acts in furtherance thereof that have proximately caused damages to NAS by depriving NAS of its property.

**Count 3: Replevin / Repossession**
**(Texas Common Law; FRCP 64)**

61.     The preceding paragraphs are incorporated herein by reference as if fully set forth below.

62.     NAS is the rightful owner of the Stand. NAS is entitled to repossession of the Stand under the Agreement because SASOF defaulted when it stopped paying rent. *See* Agreement at p. 4, ¶ (c) (ii) ("Remedies Upon Default"). Despite proper demand for return of the Stand, SASOF and Carlyle/Apollo have wrongfully refused to return the Stand and claim ownership of the Stand.

63.     NAS seeks repossession of the Stand and a writ of replevin ordering Carlyle/Apollo to return the Stand to NAS at Carlyle/Apollo's cost to the Redelivery Location within twenty (20) days or *in situ* immediately and, if Carlyle/Apollo fails to return the Stand as ordered, ordering Carlyle/Apollo to pay NAS the agreed value of the Stand of $750,000, plus interest, costs and attorney fees.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant National Aero Stands, LLC prays that:

    a.    Third-Party Defendant Apollo Aviation, LLC d/b/a Carlyle Aviation Partners be cited to appear and answer herein;

    b.    Plaintiff SASOF III (B) Aviation Ireland DAC take nothing by its Complaint;

    c.    Defendant National Aero Stands, LLC have judgment against Plaintiff and Third-Party Defendant as set forth hereinabove for actual damages, pre- and post-judgment interest thereon to the maximum extent permitted by law, a writ of replevin/repossession of the Stand, attorney fees and costs of suit and such other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**MILLER LLOYD P.C.**

Dated: November 18, 2019.

By: _JD Miller_ _____

JEFFREY D. MILLER
Texas Bar No. 24008714
JENNIFER A. LLOYD
Texas Bar No. 24013050
P.O. Box 302068
Austin, Texas 78703
500 West 5th Street, Suite 1010
Austin, TX 78701
Email: jmiller@millerlloyd.com
Email: jlloyd@millerlloyd.com
Tel: 512.413.9156
Fax: 512.532.6882

ATTORNEYS FOR DEFENDANT NATIONAL
AERO STANDS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following via email and certified mail, return receipt requested system on November 18, 2019:

Tim Cleveland
Austin H. Krist
Cleveland | Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

_JD Miller_ _____
JEFFREY D. MILLER